PER CURIAM.
Westchester Fire Insurance Company, the appellant, (hereafter, “Westchester”) appeals from a final judgment in favor of Plantation Apartments of Orlando, Inc., appellee, (hereafter, “Plantation”). The judgment was entered by the Circuit Court of Orange County, Florida, pursuant to Plantation’s motion for summary judgment on a cross-claim which it had filed against Westchester.
The only question here is whether or not the trial judge committed error in entering the summary judgment in favor of Plantation, and of course this boils down to a determination of the presence of any genuine issue of material fact.
The cross-claim of Plantation, as amended, alleged a cause of action against West-chester for breach of a written settlement agreement dated 14 January 1970. It appears to us that at the time of the motion for summary judgment the factual issues raised by the pleadings were: (1) whether or not there was a breach by Westchester of the agreement of 14 January 1970 in (a) failing to defend Plantation in the present action and (b) in repudiating a lien transfer bond; (2) the amount of damages from any such breach, and (3) the validity of the settlement agreement as against the claim by Westchester that the agreement was void for fraud in the inducement. We conclude that the motion for summary judgment and its support left these issues largely unsolved. Accordingly, the summary final judgment is reversed and the cause remanded for further proceedings.
On remand, the appellee is directed to replead all its claims against the appellant for the purpose of embodying such claims in one consolidated complaint prepared in accordance with the Florida Rules of Civil Procedure. After service by appellee of its consolidated complaint, the appellant shall serve such responsive pleading as it may be advised and as authorized by the said rules. Time limits for carrying out the foregoing shall be set by the trial court. Thereafter the cause shall proceed in accordance with law and said rules.
Reversed and remanded.
REED, C. J., and WALDEN and MA-GER, JJ., concur.